

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2008

# Connolly v. Arroyo

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3688

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Connolly v. Arroyo" (2008). *2008 Decisions.* Paper 518.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/518

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-159
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3688
_____

DAVID CONNOLLY,
Appellant
v.

RICHARD ARROYO, Parole Officer;
JOHN D'AMICO, Chairman NJSPB;
MICHAEL DOWLING, Exec. Dir. NJSPB;
EDWARD OSKAY, Chief  NJSPB;
THOMAS JAMES, Div. Dir. NJSPB;
DAVID WOLFSGRUBER, Chief NJSPB;
DEBRA  ALT, D.P.S., D.O. #9, NJSPB;
CYNTHIA STRUNCK,  A.D.P.S., D.O. #9;
ANNE MCGRATH, Div., Capt., NJSPB;
THOMAS CIACCIARELLI, Chief NJSPB;
LISA M. SINGH, Chief, NJSPB; DOUGLAS CHIESA,
Exec. Asst. NJSPB; JOHN DOES, (Fictitious Defendants  1-10);
JANE ROES, (Fictitious Defendants 11-20)
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-04684)
District Judge: Honorable Katharine S. Hayden
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 13, 2008

Before: McKEE, RENDELL and SMITH, Circuit Judges

(Filed:  September 18, 2008)

PER CURIAM

Appellant David Connolly, formerly a New Jersey state prisoner, was released on parole in May 2004 following serving part of his sentence for burglary and other crimes. On April 12, 2005, he was arrested pursuant to a warrant for violating the terms of his parole by failing to report as directed and obtain approval to change his residence. Connolly appeared for a parole violation hearing on May 5, 2005, at which his parole officer, Richard Arroyo testified. Connolly admitted that he had failed to report on five occasions but explained that this failure was due to a broken hand and foot, and he denied the other charge. It also was established that Connolly had held down two jobs during the relevant time period despite his injuries. On May 31, 2005, Hearing Officer Andrew Demko sustained the parole violations and recommended that the Parole Board revoke Connolly's parole and establish a future eligibility date of 12 months. On June 1, 2005, the Board adopted this recommendation.

Connolly filed an administrative appeal, claiming that his case had been prejudged and Arroyo's conduct at the hearing had violated the Board's Code of Conduct. Ultimately, the Board's Appeals Unit was unable to review each of Connolly's contentions because the audiotape recording of the proceeding had been misplaced, and so, on November 4, 2005, Edward Oskay, Chief of the Board's Appeals Unit informed

Connolly by letter that the June 1 decision would be vacated, and the Board would conduct a de novo final parole revocation hearing. A new hearing was held on December 21, 2005, and once again the Board decided to revoke Connolly's parole and establish a future eligibility date of 12 months. Connolly filed another administrative appeal. In a letter dated May 17, 2006, Oskay advised Connolly that the Board's Appeals Unit had again decided to vacate its decision to revoke his parole, and schedule a new parole revocation hearing. No reason was given in the letter for this action. Connolly remained in custody and a third revocation hearing never took place.

On September 29, 2006, Connolly filed suit against Arroyo and Parole Board officials (but not Hearing Officer Demko) under 42 U.S.C. § 1983 in United States District Court for the District of New Jersey, claiming a violation of his constitutional rights in connection with his custody. He alleged that Arroyo had intentionally sabotaged his parole revocation hearing by testifying falsely, his case had been prejudged, he had been denied the right to call witnesses, and he had been denied a timely revocation hearing. He also asserted claims of vicarious liability against Board officials for failing to train and supervise Arroyo, and failing to conduct an adequate investigation into his misconduct. Connolly sought money damages, and declaratory and injunctive relief.[1]

The defendants moved to dismiss the complaint pursuant to the "favorable

---

[1] Connolly sought an injunction barring the defendants from retaliating against him should he be reparoled prior to the expiration of his sentence.

3

termination rule" of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), asserting that Connolly would have to show, and had not, that any decision by the Parole Board had been reversed or invalidated by the Appellate Division of the New Jersey Superior Court. Connolly opposed the motion in writing. In a reply to Connolly's response, the defendants asserted that any delay in the proceedings was attributable to Connolly. They noted that, at his December 2005 hearing, Connolly waived both a probable cause hearing and a final revocation hearing. His waiver was based upon the understanding that he was going to be scheduled in the near future for a parole release hearing pursuant to N.J.A.C. § 10A:71-3.1 <u>et</u> <u>seq.</u> Connolly subsequently withdrew the waiver, so the Board in May 2006 vacated the second parole revocation decision, and scheduled a third hearing. Connolly then requested that counsel be assigned and witnesses be subpoenaed. Counsel was assigned, but the new hearing never took place because counsel had not yet notified the Board that she was ready to proceed. Connolly filed a sur-reply in which he vigorously disputed that he had caused the delay.

In an order entered on August 24, 2007, the District Court granted the defendants' motion and dismissed the complaint, agreeing with the defendants that <u>Heck</u> barred the action. Meanwhile, Connolly was released from prison on March 22, 2007, having served the maximum sentence for his convictions.

Connolly appeals. Our Clerk granted Connolly leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u> and advised him that his appeal was subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

4

We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[W]hen ruling on a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

This appeal of the District Court's decision to dismiss the complaint under Rule 12(b)(6) lacks an arguable basis in law. Heck holds that a prisoner's civil rights suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. 512 U.S. at 486-87. Heck's favorable termination rule applies "no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See also Edwards v. Balisok, 520 U.S. 641, 646-47 (1997). We held in Williams v. Consovoy, 453 F.3d 173 (3d Cir. 2006), that claims similar to Connolly's were not cognizable in a section 1983 action on the basis of Heck, because the alleged improper

denial of release on parole plainly implicates the validity of continued confinement.  Id. at 177.

The duration of Connolly's confinement after he was arrested on the parole violator warrant has never been reversed on direct appeal, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus,[2] and he, therefore, has not satisfied Heck's favorable termination rule.  512 U.S. at 486-87. The two Appeals Unit decisions vacating the Board's revocation decisions do not constitute favorable terminations because they were not *reversals* of the Board's decisions.  Connolly's release when he "maxed out" also does not constitute a favorable termination on the parole issue.  Finally, the fact that Connolly was released during the pendency of the litigation does not preclude the application of Heck, which applies even where habeas relief is no longer available because the individual is no longer in custody. See Williams, 453 F.3d at 178 (citing Gilles v. Davis, 427 F.3d 197, 210-11 (3d Cir. 2005)).

---

[2] A challenge to the fairness of parole violation proceedings is cognizable in federal habeas.  Under Morrissey v. Brewer, 408 U.S. 471, 481 (1972), the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply.  The parolee is entitled, however, to notice of the charges, to a preliminary hearing to determine whether there is probable cause to believe that he has committed acts that would constitute a violation of parole conditions, id. at 484-85, and a full hearing at which he may present evidence, id. at 487-88.  A parolee also has a right to counsel where he makes a request based on a colorable claim that he has not committed the alleged violation of the conditions or that there are substantial reasons which make revocation inappropriate.  Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973).

We will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Appellant's motion for appointment of counsel is denied.